UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TERI L. DESHAZO,<br><br>      Plaintiff,<br><br> v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>      Defendant. | Case No. 3:15-cv-05644-KLS<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of defendant's denial of her applications for disability insurance and supplemental security income (SSI) benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge.[1] For the reasons set forth below, the Court finds that defendant's decision to deny benefits should be reversed and that this matter should be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On August 21, 2007, plaintiff applied for disability insurance and SSI benefits alleging she became disabled beginning March 15, 2005.[2] Her applications were denied on initial administrative review and on reconsideration.[3] At a hearing held before an Administrative Law Judge (ALJ) plaintiff appeared and testified, as did a vocational expert.[4]

---

[1] 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13.

[2] Dkt. 11, Administrative Record (AR), 1033.

[3] *Id.*

[4] AR 30-69.

ORDER - 1

In a decision dated February 26, 2010, the ALJ found that plaintiff could perform other jobs existing in significant numbers in the national economy, and therefore that she was not disabled.[5] Plaintiff appealed that decision to this Court, which remanded this matter for further administrative proceedings.[6] A second hearing was held before a different ALJ on remand, at which plaintiff appeared and testified as did a different vocational expert.[7]

In a decision dated October 25, 2012, the ALJ found that prior to February 1, 2012, plaintiff could perform other jobs existing in significant numbers in the national economy and that therefore she was not disabled, but that as of that date she was unable to do so and thus was disabled.[8] It does not appear that the Appeals Council assumed jurisdiction of this case, making the ALJ's decision the Commissioner's final decision, which plaintiff appealed to this Court.[9]

Plaintiff argues reversal of the ALJ's decision and remand for further administrative proceedings is warranted because the ALJ erred:

(1) in failing to properly address the opinions of Ronald Bergom, M.D., Richard Washburn, Ph.D., Stephen Cook, M.D., Michael Brown, Ph.D., and Michael Regets, Ph.D.;

(2) in rejecting the lay witness evidence;

(3) in failing to properly address all of plaintiff's functional limitations in assessing her residual functional capacity (RFC), including finding she was off task 10% and 20% of the time; and

(4) in finding plaintiff could perform other jobs existing in significant numbers in the national economy.

For the reasons set forth below, the Court agrees the ALJ erred in failing to properly address Dr.

---

[5] AR 9-22.
[6] AR 1161-77.
[7] AR 1063-1130.
[8] AR 1033-1052.
[9] 20 C.F.R. § 404.984, § 416.1484; Dkt. 3.

ORDER - 2

Bergom's opinion, in rejecting the lay witness evidence, in finding plaintiff to be off task 10% and 20% of the time, and in finding she could perform other jobs. As such, remand for further administrative proceedings is warranted on these bases. While plaintiff requests oral argument, the Court finds such argument to be unnecessary.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination.[10] "A decision supported by substantial evidence nevertheless will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision."[11] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[12] The Commissioner's findings will be upheld "if supported by inferences reasonably drawn from the record."[13]

Substantial evidence requires the Court to determine whether the Commissioner's determination is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required."[14] "If the evidence admits of more than one rational interpretation," that decision must be upheld.[15] That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made."[16]

---

[10] *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991).

[11] *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)).

[12] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193.

[13] *Batson*, 359 F.3d at 1193.

[14] *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975).

[15] *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

[16] *Allen*, 749 F.2d at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

ORDER - 3

I.      The ALJ's Evaluation of Dr. Bergom's Opinion

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence.[17] Where the evidence is inconclusive, "questions of credibility and resolution of conflicts are functions solely of the [ALJ]."[18] In such situations, "the ALJ's conclusion must be upheld."[19] Determining whether inconsistencies in the evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" medical opinions "falls within this responsibility."[20]

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons."[21] The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."[22] The ALJ also may draw inferences "logically flowing from the evidence."[23] Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion."[24]

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician.[25] Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate

---

[17] *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

[18] *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

[19] *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999).

[20] *Id.* at 603.

[21] *Reddick*, 157 F.3d at 725.

[22] *Id.*

[23] *Sample*, 694 F.2d at 642.

[24] *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

[25] *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).

ORDER - 4

reasons that are supported by substantial evidence in the record."[26] However, the ALJ "need not discuss *all* evidence presented" to him or her.[27] The ALJ must only explain why "significant probative evidence has been rejected."[28]

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant.[29] On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole."[30] An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician."[31] A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record."[32]

Dr. Bergom examined plaintiff in early April 2006, opining that the objective findings "do not disable her for a jobs [sic] although she might have difficulty with any job that required prolonged standing or walking or lifting or pushing."[33] Plaintiff argues that while the ALJ gave Dr. Bergom's opinion "great weight," the ALJ's determination that she can perform light work is inconsistent with a limitation to no prolonged standing, walking, lifting, or pushing.[34] The Court agrees.

---

[26] *Id.* at 830-31.

[27] *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original).

[28] *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

[29] *See Lester*, 81 F.3d at 830.

[30] *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

[31] *Lester*, 81 F.3d at 830-31.

[32] *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

[33] AR 399.

[34] AR 1039, 1046.

ORDER - 5

Defendant argues the Court should reject plaintiff's argument, because the above opinion is merely a recommendation, is not directive and therefore does not translate into any functional limitation. Clearly, though, Dr. Bergrom thought prolonged standing, walking, lifting, or pushing could pose problems for plaintiff. Further, the ALJ gave no indication she felt this was merely a recommendation by Dr. Bergrom. Defendant points to the first part of Dr. Bergrom's opinion – i.e., that plaintiff was not disabled from performing a job – but this does not mean Dr. Bergrom believed she could perform jobs that require prolonged standing, walking, lifting, or pushing.

Defendant goes on to argue that the ALJ accommodated Dr. Bergrom's limitations in the RFC she assessed. But "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday,"[35] which is inconsistent with a limitation to no prolonged standing or walking. Defendant counters that a job in the light category may require "sitting most of the time."[36] But that is the point. A job in the light category *may* require sitting most of the time, but it also *may* require up to six hours of standing or walking. The ALJ did not state she was restricting plaintiff only to the former.

In order for a job that requires sitting most of the time to fall under the category of light work, furthermore, that job also will have "some pushing and pulling of arm or leg controls."[37] Defendant appears to argue that the word "some" here indicates prolonged pushing would not be involved. But given that "some" appears not to be defined – and Dr. Bergom also did not specify what he meant by "prolonged", it is not at all clear that defendant's interpretation is correct. That is, it could certainly be that "some" and "prolonged" pushing could overlap, such that light work sitting jobs are unavailable as well.

---

[35] Social Security Ruling (SSR) 83-10, 1983 WL 31251, at *6.

[36] 20 C.F.R. § 404.1567(b), § 416.967(b).

[37] *Id.* at *5.

ORDER - 6

II.     The ALJ's Rejection of the Lay Witness Evidence

Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so."[38] In rejecting lay testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does "not clearly link his determination to those reasons," and substantial evidence supports the ALJ's decision.[39] The ALJ also may "draw inferences logically flowing from the evidence."[40]

With respect to the lay witness evidence, the ALJ stated:

> The claimant's ex-boyfriend, Kevin Carlson, completed a Third Party Function Report, which stated the claimant had difficulties with hearing, seeing, memory, concentration, understanding, following instructions, and getting along with others (Ex. 6E). The claimant's friend, Jackie Spychalla, completed Third Party Pain Questionaires, which stated the claimant'[s] pain caused her to be limited in performing daily activities, and have difficulties concentrating and getting along with others (Exs. 4E; 12E). The claimant's friend, Larry Hanson, completed a Third Party Function Report, which stated the claimant's conditions affected her exertional, postural and cognitive abilities (Ex. 20E). These statements essentially repeat the claimant's subjective statements and complaints, which are not fully credible for the reasons stated throughout this decision.[41]

The Court agrees with plaintiff that the ALJ's stated reason for rejecting the lay witness evidence was wholly insufficient. Defendant correctly notes that where a claimant's subjective complaints are properly rejected, lay witness statements that are similar thereto may be rejected for the same

---

[38] *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).

[39] *Id.* at 512.

[40] *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

[41] AR 1048.

ORDER - 7

reasons used to reject those complaints.[42] Although there are some similarities between the lay witness statements and plaintiff's subjective complaints, the lay witness statements also contain observations that differ from what plaintiff has reported. As such, the Court finds the lay witness statements do not simply "essentially repeat" plaintiff's complaints.[43] The ALJ erred in finding otherwise.

III.   The ALJ's RFC Assessment

The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled.[44] If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends.[45] A claimant's RFC assessment is used at step four of the process to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work.[46] It is what the claimant "can still do despite his or her limitations."[47]

A claimant's RFC is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record.[48] However, an inability to work must result from the claimant's "physical or mental impairment(s)."[49] Thus, the ALJ must consider only those

---

[42] *Valentine v. Comm'r Social Sec. Admin.*, 574 F.3d 685 (9th Cir. 2009); *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012).

[43] AR 55-58, 170, 178-81, 190-97, 199-202, 211, 215, 218-21, 249, 257-63, 265-72, 283, 285, 295, 299, 1096-97, 1105-07, 1291, 1294, 1300, 1303.

[44] 20 C.F.R. § 416.920.

[45] *See id.*

[46] SSR 96-8p, 1996 WL 374184 *2.

[47] *Id.*

[48] *Id.*

[49] *Id.*

ORDER - 8

limitations and restrictions "attributable to medically determinable impairments."[50] In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence."[51]

The ALJ found that prior to February 1, 2012, plaintiff had the RFC:

**to perform light work . . . [She] could occasionally climb ropes, ladders or scaffolds. She could occasionally balance, stoop, kneel, crouch, and crawl. She needed to avoid concentrated exposure to extreme cold, vibrations, fumes, odors, dusts and gases, and hazards, such as machinery and heights. She could perform unskilled work with simple, repetitive tasks. She could deal with changes in a routine work setting. She could make simple work related decisions. She should not interact with the public, except for incidental contact. She would be off-task ten percent of the workday and would take one sick day a month.**[52]

But because as discussed above the ALJ erred in addressing Dr. Bergrom's opinion and in rejecting the lay witness evidence, the ALJ's RFC assessment cannot be said to be completely accurate or supported by substantial evidence.

Plaintiff also argues the ALJ erred by failing to explain how the evidence in the record supports a finding that she would be off task for 10 percent of the workday. The Court agrees. Defendant argues the ALJ reasonably translated plaintiff's "self-reported difficulties staying on task, to the extent credible, and the medical evidence indicating the same, into a concrete work-related limitation."[53] But the ALJ never stated on what specific basis in the record she came to that conclusion. As such, the ALJ erred. The Court further agrees with plaintiff that for the same reason, the ALJ erred in finding she would be off task 20 percent of the time as of February 1,

---

[50] *Id.*

[51] *Id.* at *7.

[52] AR 1039 (emphasis in original).

[53] Dkt. 25, p. 13.

ORDER - 9

2012.[54] But because the ALJ determined plaintiff was disabled as of that date, the Court finds the ALJ's error here was harmless.[55]

IV.     The ALJ's Step Five Determination

If a claimant cannot perform his or her past relevant work, at step five of the sequential disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do.[56] The ALJ can do this through the testimony of a vocational expert.[57] An ALJ's step five determination will be upheld if the weight of the medical evidence supports the hypothetical posed to the vocational expert.[58] The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence.[59] Accordingly, the ALJ's description of the claimant's functional limitations "must be accurate, detailed, and supported by the medical record."[60]

The ALJ found that prior to February 1, 2012, plaintiff could perform other jobs existing in significant numbers in the national economy, based on the vocational expert's testimony at the second hearing offered in response to a hypothetical question concerning an individual with the same age, education, work experience and RFC as plaintiff.[61] But because as discussed above the ALJ erred in assessing plaintiff's RFC, the hypothetical question the ALJ posed to the vocational expert, and thus that expert's testimony and the ALJ's reliance thereon, also cannot be said to be

---

[54] AR 1048.

[55] *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007).

[56] *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 416.920(d), (e).

[57] *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-1101.

[58] *Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984).

[59] *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988).

[60] *Id.* (citations omitted).

[61] AR 1050-51.

ORDER - 10

supported by substantial evidence or free of error.

Plaintiff argues that two of the jobs the vocational expert identified as ones she could do – house sitter and mail clerk – she cannot perform, given that the ALJ limited her to simple, repetitive tasks, and that the Dictionary of Occupational Titles describes each of those jobs as requiring level 3 reasoning.[62] The Court agrees the ALJ erred in so finding, as level 3 reasoning is not compatible with such a limitation.[63] Plaintiff goes on to argue the other jobs identified by the vocational expert also should be eliminated, because the vocational expert could not provide an objective basis for his testimony as to job numbers. However, because remand of this matter is warranted for the other reasons set forth herein, the Court finds resolution of this issue is not necessary at this time.

V.  Remand for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits."[64] Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation."[65] Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate."[66]

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose."[67] Specifically, benefits should be

---

[62] AR 1050; DOT 309.367-010, 1991 WL 672664; DOT 209.687-026, 1991 WL 671813.

[63] *Zavalin v Colvin*, 778 F.3d 842, 847 (9th Cir. 2015).

[64] *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).

[65] *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted).

[66] *Id.*

[67] *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001).

awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.[68]

Because issues remain as to the medical opinion and lay witness evidence, plaintiff's RFC, and her ability to perform other jobs existing in significant numbers in the national economy, remand for further consideration of those issues is warranted.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ improperly determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is REVERSED and this matter is REMANDED for further administrative proceedings.

DATED this 8th day of June, 2016.

Karen L. Strombom
United States Magistrate Judge

---

[68] *Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

ORDER - 12